# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

**FILED**
December 23, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| United States of America<br>v.<br><br>Christopher Shane Sepeda<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  2:23-mj-00166-BR-1<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   June 2023 through October 2023   in the county of   Swisher   in the
  Northern   District of   Texas  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2422(b) | Enticement and Attempted Enticement of a Minor |

This criminal complaint is based on these facts:
See attached affidavit

✔ Continued on the attached sheet.

/s/ Keith Quigley
*Complainant's signature*

Keith Quigley, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 23rd day of December 2023.

Date:   December 23, 2023

*Judge's signature*

City and state:   Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1.     My name is Keith Quigley.  I am a Special Agent (SA) employed by the Federal Bureau of Investigation (FBI), United States Department of Justice, and I have been so employed for 26 years.  I have been assigned to the Lubbock, Texas, Resident Agency since 1998.  I have handled many investigations involving child exploitation and child pornography.  As an FBI SA, I am authorized to investigate crimes involving the sexual exploitation of children, in violation of Title 18, United States Code, Section 2422(b), Enticement and Attempted Enticement of a Minor.

2.     Title 18, United States Code, Section 2422(b), makes it a crime for anyone to knowingly persuade, induce, entice, or coerce or attempt to persuade, induce, entice or coerce a person under 18 years old to engage in any sexual activity for which any person can be charged with a criminal offense by use of any facility or means of interstate or foreign commerce.  There are four elements to this offense: [1]

*First*: That the defendant knowingly persuaded, induced, enticed, or coerced or attempted to persuade, induce, entice or coerce an individual to engage in any sexual activity, as charged;

*Second*: That the defendant used the Internet, a telephone, a cell phone, or any facility or means of interstate or foreign commerce to do so;

*Third*: That the defendant believed that such individual was less than 18 years of age; and

*Fourth*: That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of Indecency with a Child under the laws of the State of Texas.

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2019).

**Affidavit in Support of Complaint – Page 1**

It is not necessary for the government to prove the individual was in fact less than 18 years of age; but it is necessary for the government to prove the defendant believed such individual to be under that age.

It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed, or coerced into engaging in the described sexual activity, as long as it proves the defendant intended to persuade, induce, entice, or coerce the individual to engage in some form of unlawful sexual activity with the defendant and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the defendant's criminal attempt. Mere preparation is not enough.

As a matter of law, the following is a crime under Texas law:

*First.*   The defendant is 17 years of age or older;

*Second.*   (1) intentionally or knowingly engage in sexual contact with a child younger than 17 or cause a child younger than 17 to engage in sexual contact; or (2) with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals; and

*Third.*   This happened in Texas.

"Sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

3. I am the case agent on a child sexual exploitation case in which Christopher Shane Sepeda is the subject. The information used to support this complaint was derived from reports and information obtained from interviews and investigations conducted by other law enforcement officers of this incident. This complaint contains information necessary to establish probable cause to believe that the criminal offense described herein

**Affidavit in Support of Complaint – Page 2**

was committed by the defendant; it is not intended to discuss every fact and matter known to this investigation. Moreover, to the extent that this complaint contains witness statements, those statements are set forth only in part and relevant substance and are intended to accurately relay the information but are not verbatim recitations. All times are approximate.

4. On October 24, 2023, Christopher Shane Sepeda's ex-wife contacted the Tulia (Texas) Police Department (TPD) and reported she began reviewing text messages from a 16-year-old male's (hereafter "John Doe") phone (Apple iPhone 11, serial number 3HK8L8N72J). The ex-wife discovered that Doe and Sepeda were in a sexual relationship and found sexually-oriented text messages on Doe's cell phone.

5. On October 24, 2023, Doe was interviewed and confirmed that Sepeda had been sexually abusing Doe. Doe stated that the sexual abuse began when Doe was around 12 years old.

6. Sepeda's ex-wife said she found the following messages from Sepeda to Doe:

On June 14, 2023 - 0215 hours: "Come here and close the bedroom door behind you all the way..."; "???..."; "???"; "Come here..."

On June 21, 2023 - 2331 hours: "Make sure [redacted] goes to sleep and when u go put the clothes in the dryer come in my room and lock the door behind u and u know what to do after that. Crawl over on my side of the bed, raise the blanket and it'll be waiting for you. Don't take forever".

Affidavit in Support of Complaint – Page 3

On August 9, 2023 - 0021 hours: "Make sure [redacted] goes to sleep and when u go put the clothes in the dryer come in my room and lock the door behind u and u know what to do after that. Crawl over on my side of the bed, raise the blanket and it'll be waiting for you. Don't take forever I need to get some sleep..."

7.   On October 24, 2023, TPD Officer Ernesto Amaya interviewed Sepeda. Amaya asked Sepeda to explain the following message he sent to Doe: "Make sure (redacted) goes to sleep and when u go put the clothes in the dryer come in my room and lock the door behind u and u know what to do after that. Crawl over on my side of the bed raise the blanket and it'll be waiting for you. Don't take forever I need to get some sleep..." Sepeda replied, "You know what those mean, Amaya." Officer Amaya told Sepeda that he needed to hear from Sepeda what this text message meant and Sepeda stated, "It was for him to perform oral sex." Officer Amaya asked, "On who?" Sepeda replied, "On me."

8.   Officer Amaya asked Sepeda how many times he performed oral sex on Doe. Sepeda replied, "I did it once or twice." Officer Amaya asked Sepeda if he had anal sex with Doe. Sepeda answered, "Once." Officer Amaya asked Sepeda if he had Doe perform anal sex on him. Sepeda answered, "Never." Officer Amaya asked, "Would he perform oral sex on you?" Sepeda responded, "Yes."

9.   Sepeda said Doe went into his room four or five times. Officer Amaya asked Sepeda of those four to five times, how many times Doe and Sepeda had sexual contact. Sepeda answered, "Five." Officer Amaya asked Sepeda the nature of the sexual

**Affidavit in Support of Complaint – Page 4**

contact on those occasions. Sepeda answered, "He performed oral." Officer Amaya asked Sepeda how many times he and Doe had anal sex. Sepeda answered, "Twice."

10. On October 24, 2023, Doe's cell phone was seized by TPD and Sepeda was arrested on state charges. Sepeda was booked into the Swisher County Jail and is currently incarcerated there.

11. On November 1, 2023, TPD Chief Brown requested the Federal Bureau of Investigation assist with further investigation and the federal prosecution of Sepeda.

12. As noted above, Sepeda used the Internet, a telephone, a cell phone, or any facility or means of interstate or foreign commerce to send the text messages to Doe. Further, according to open-source information, iPhone cellular telephones are manufactured outside the state of Texas. Accordingly, if found in Texas, that cellular telephone would have had to move in or affect interstate or foreign commerce.

13. Sepeda has known Doe since Doe's birth and the two have had a close relationship since Doe's birth. Based on the length and closeness of their relationship, Sepeda knew Doe was less than 18 years of age.

14. Based on the information above, I have probable cause to believe that Christopher Sepeda violated Title 18, United States Code, Section 2422(b), that is, Enticement and Attempted Enticement of a Minor, and respectfully ask that this Court issue a warrant for his arrest.

/s/ Keith Quigley
Keith Quigley
Special Agent
Federal Bureau of Investigation

Reviewed and Approved:

s/ Jeffrey R. Haag
Assistant United States Attorney

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 23rd day of December 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE