IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:24-CR-003-Z |
| CHRISTOPHER SHANE SEPEDA | |

## FACTUAL RESUME

In support of Christopher Shane Sepeda's plea of guilty to the offense in Count One of the Indictment, Sepeda, the defendant, Bryan Johnston, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2422(b), that is, Enticement and Attempted Enticement of a Minor, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*.  That the defendant knowingly persuaded, induced, enticed, or coerced, or attempted to do so, an individual to engage in any sexual activity, as charged in the indictment;

*Second*:  **That the defendant used the Internet, a cell phone, or any facility or means of interstate or foreign commerce** to do so;

*Third*:  That the defendant believed that such individual was less than 18 years of age; and

*Fourth*:  That, had the sexual activity actually occurred, the defendant could be charged with the criminal offense of Section 21.11 (Indecency with a Child) under the laws of Texas.

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2019).

**Christopher Shane Sepeda**
**Factual Resume—Page 1**

It is not necessary for the government to prove the individual was in fact less than 18 years of age; but it is necessary for the government to prove the defendant believed such individual to be under that age. It is not necessary for the government to prove that the individual was actually persuaded, induced, enticed, coerced, into engaging in the described sexual activity, as long as it proves the defendant intended to persuade, induce, entice, or coerce the individual to engage in some form of unlawful sexual activity with the defendant and knowingly took some action that was a substantial step toward bringing it about. A substantial step is conduct that strongly corroborates the firmness of the defendant's criminal attempt. Mere preparation is not enough.

As a matter of law, the following is a crime under Texas law:

*First.*   The defendant is 17 years of age or older;

*Second.*   The defendant knowingly or intentionally: (1) engaged in sexual contact with a child younger than 17; (2) with the intent to arouse or gratify the sexual desire of any person, exposed the person's anus or any part of the person's genitals, knowing that a child younger than 17 was present; or (3) caused a child younger than 17 to expose the child's anus or any part of the child's genitals.

*Third.*   This happened in Texas.

## STIPULATED FACTS

1.   Christopher Shane Sepeda admits and agrees that from on or about a date unknown to the grand jury, and continuing to on or about October 24, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, he, the defendant, did knowingly use a facility or means of interstate or foreign commerce, including a computer or cellular telephone, to persuade, induce, entice, or coerce, or attempt to persuade, induce, entice, or coerce "John Doe," who had not attained the age of eighteen years, to engage in sexual activity for which Sepeda could be charged with a criminal

offense, that is, a violation of Texas Penal Code Section 21.11 (Indecency with a Child), in violation of Title 18, United States Code, Section 2422(b).

2. On October 24, 2023, a woman contacted the Tulia Police Department (TPD) to report locating sexually explicit text messages on a minor's cell phone. The messages were sent to "John Doe," from Christopher Shane Sepeda. The messages referenced sexual activity occurring between Sepeda and Doe, who was 16 years old at the time. One text message the woman located was sent on June 14, 2023, at 2:15 a.m. In that message, Sepeda wrote to Doe: "Come here, close the door and lock it behind you." A text message sent on June 21, 2023, at 11:31 p.m. from Sepeda to Doe stated: "Make sure [child's name] goes to sleep and when u go put the clothes in the dryer come in my room and lock the door behind u and u know what to do after that. Crawl over on my side of the bed, raise the blanket and it'll be waiting for you. Don't take forever." Two other messages sent from Sepeda to Doe on August 9 and August 14, 2023, at 11:41 p.m. stated: "Come into my room, lock the door behind you, crawl on my side and lift the blanket and it'll be waiting for you, don't take forever I need to get to sleep."

3. A TPD officer reviewed the messages and spoke to Doe. Doe said Sepeda was referring to his penis when he said: "lift the blanket and it'll be waiting for you." Doe said Sepeda had made him perform sexual acts with Sepeda numerous times for the last several years. Doe said the sexual abuse became more severe in the last few weeks and escalated from oral sex to anal sex. Doe said the last sexual act with Sepeda occurred approximately one week before. Doe also told the officer that Sepeda took Doe to random buildings and county roads to engage in sexual encounters.

4. On October 24, 2023, Sepeda was interviewed by a TPD officer. The officer read Sepeda some of the messages Sepeda sent Doe and asked what they meant. Sepeda replied, "You know what those mean." Sepeda clarified, stating: "It was for him to perform oral sex." The officer asked Sepeda, "On who?" and Sepeda responded, "On me." Sepeda admitted to performing oral sex on Doe, having anal sex with Doe, and Doe performing oral sex on Sepeda multiple times. Sepeda said he did not know how long the sexual abuse had occurred.

5. On October 25, 2023, Doe was forensically interviewed by an interviewer with the Children's Advocacy Center of the South Plains. Doe said he did not recall dates and times of when the sexual abuse happened but was able to provide details and locations. The sexual abuse all occurred in and around Tulia, Texas, which is within the Amarillo Division of the Northern District of Texas. Based on Doe's recollection of the locations where he was sexually abused by Sepeda, investigators believed that Sepeda began sexually abusing Doe when he was 11 years old. Doe further detailed the sexual abuse by Sepeda. Doe described the first incident when Sepeda spoke to Doe about sex and then Sepeda laid back on the bed and told Doe to undo his belt. Sepeda then exposed his penis to Doe and told him to "touch him." At Sepeda's insistence, Doe masturbated Sepeda until he ejaculated. Sepeda then masturbated Doe. Doe described more instances of Sepeda's sexual abuse of him over the years. Doe also described physical abuse Sepeda would commit against him when he became angry, which caused Doe to fear Sepeda and believe he had to comply with Sepeda's requests.

6. In addition to the text messages described above, Sepeda also used pornography on the internet to entice Doe into sexual activity. Doe described Sepeda accessing a pornography website and showing Doe videos of women performing oral sex on men to instruct Doe. Sepeda's Apple iPhone 14 Pro cell phone, serial number GTDXHQCC22, and his Apple Watch were collected by law enforcement. These devices were used during the commission of Sepeda's offense and Sepeda admits and agrees that these devices should be forfeited to the United States. Further, Sepeda's Apple iPhone 14 and Apple Watch are cellular telephones and computers, which are facilities or means of interstate or foreign commerce. The Internet is also a facility of interstate or foreign commerce.

7. Sepeda sent the messages described above and other messages to Doe, and showed Doe pornography on the Internet, to knowingly persuade, induce, entice, or coerce, or attempt to do so, Doe to engage in sexual activity with him. Sepeda knew Doe's age at all times he committed the sexual abuse of Doe because of Sepeda's and Doe's relationship. Sepeda knew Doe was between 11 and 16 years old during the sexual abuse. The sexual activity that Sepeda was enticing and attempting to entice Doe to engage in, is and was a criminal offense under Texas Penal Code Section 21.11 (Indecency with a Child). That statute makes it a crime to intentionally or knowingly engage in sexual contact with a child younger than 17; or with the intent to arouse or gratify the sexual desire of any person, expose the person's anus or any part of the person's genitals, knowing that a child younger than 17 is present; or cause a child younger than 17 to expose the child's anus or any part of the child's genitals. Sepeda

Christopher Shane Sepeda
Factual Resume—Page 5

admits and agrees that he committed the offense of enticement and attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 17th day of September, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_Christopher Shane Sepeda_
CHRISTOPHER SHANE SEPEDA
Defendant

_Callie Woolam_
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7564
Facsimile: 806-472-7394
E-mail: callie.woolam@usdoj.gov

_Bryan Johnston_
BRYAN JOHNSTON
Attorney for Defendant